1   Michael W. Fattorosi, Esq., Calif. State Bar No. 193538
    michael@fclawyers.com
2   Craig L. Chisvin, Esq., Calif. State Bar No. 191825
    craigc@fclawyers.com
3   Members of Fattorosi & Chisvin
    6300 Canoga Avenue, Suite 550
4   Woodland Hills, California 91367
    (818) 881-8500, Fax (818) 881-9008
5
    Attorney for Plaintiffs, CHERILYN MCCARVER,
6   an individual, and LANE ENTERTAINMENT, INC.,
    a California Corporation
7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                              CV08-06739

11  CHERILYN MCCARVER, an individual, and LANE )   CASE NO.
    ENTERTAINMENT, INC., a California Corporation, )
12                                              )   COMPLAINT FOR INJUNCTION
                   Plaintiffs,                  )   AND DAMAGES FOR:
13                                              )
    vs.                                         )   (1) INFRINGEMENT OF
14                                              )   TRADEMARK,
    VIVID  ENTERTAINMENT  GROUP,  LLC,  a )          (2) TRADEMARK DILUTION,
15  California Limited Liability Company; DIGITAL )   (3) FALSE DESIGNATION OF
    PLAYGROUND, INC., a California Corporation; )    ORIGIN AND UNFAIR
16  DOMAINS  BY  PROXY,  INC.,  an  Arizona )        COMPETITION,
    Corporation;  DOTSTER,  INC.,  a  Delaware )     (4) CONTRIBUTORY TRADEMARK
17  Corporation; MONIKER ONLINE SERVICES, LLC, )    INFRINGEMENT,
    a  Florida  Limited  Liability  Company;  PIXEL )  (5) CYBERSQUATTING IN
18  STREAMED NETWORKING, LLC, a Hawaiian )           VIOLATION OF 15 U.S.C. §
    Limited  Liability  Company;  WHOIS  PRIVACY )   1125(d),
19  PROTECTION  SERVICE,  INC.,  a  Washington )     (6) CYBERSQUATTING IN
    Corporation; and DOES 1 through 10, inclusive, )  VIOLATION OF 15 U.S.C. § 1129,
20                                              )   (7) CYBERSQUATTING IN
                   Defendants.                  )   VIOLATION OF CALIFORNIA
21                                              )   BUSINESS & PROFESSIONS
    _____ )   CODE § 17525,
22                                                  (8) COMMON LAW
                                                    MISAPPROPRIATION OF
23                                                  LIKENESS, and
                                                    (9) COMMERCIAL
24                                                  MISAPPROPRIATION OF
                                                    LIKENESS UNDER CALIFORNIA
25                                                  CIVIL CODE §3344,

26                                                  DEMAND FOR JURY TRIAL

27  / / /

28  / / /

                                    1
         _____
                COMPLAINT FOR INJUNCTION AND DAMAGES

COME NOW Plaintiffs, CHERILYN MCCARVER, an individual, and LANE ENTERTAINMENT, INC., a California Corporation (hereinafter collectively referred to as "Plaintiffs"), for their complaint against VIVID ENTERTAINMENT GROUP, LLC, a California Limited Liability Company; DIGITAL PLAYGROUND, INC., a California Corporation; DOMAINS BY PROXY, INC., an Arizona Corporation; DOTSTER, INC., a Delaware Corporation; MONIKER ONLINE SERVICES, LLC, a Florida Limited Liability Company; PIXEL STREAMED NETWORKING, LLC, a Hawaiian Limited Liability Company; WHOIS PRIVACY PROTECTION SERVICE, INC., a Washington Corporation; and DOES 1 through 10, inclusive, (hereinafter collectively referred to as "Defendants") allege as follows:

## JURISDICTION AND VENUE

1.      This is an action involving claims of trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1051 et seq., and claims under the common law and statutory law of the of the State of California.  This Court has jurisdiction over Plaintiffs' federal claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over Plaintiffs' related claims based on state law pursuant to 28 U.S.C. § 1367.

2.      Venue is proper under 28 U.S.C. 1391(b) because the defendants transact business in this Judicial District or are headquartered here, they solicit subscriptions to their services in this Judicial District in the course of using Plaintiffs' mark and because a substantial part of the events giving rise to Plaintiffs' claims arose here.

## THE PARTIES

3.      Plaintiff, CHERILYN MCCARVER (hereinafter referred to as "MCCARVER"), also professionally and personally known as "Devinn Lane," is an individual and a citizen of West Virginia.  MCCARVER was and is in the business of providing entertainment services in the form of, *inter alia*, personal appearances by a movie star, television celebrity, model and dancer; and in the form of providing an on-line global computer network web site featuring entertainment, graphics, pictures, photos and audio-visual works. MCCARVER has / / /

**COMPLAINT FOR INJUNCTION AND DAMAGES**

1   used and been using the pseudonym "Devinn Lane" as her own name in commerce

2   beginning as early as 1993.

3        4.    Plaintiff, LANE ENTERTAINMENT, INC. (hereinafter referred to as "LANE

4   ENTERTAINMENT"), previously incorporated as Trilane Productions, Inc.,  is a corporation

5   organized and existing under the laws of California, with its principal place of business within

6   the County of Los Angeles, California.   LANE ENTERTAINMENT was and is in the business

7   of providing entertainment services in the form of, *inter alia*, personal appearances by

8   MCCARVER and in the form of providing an on-line global computer network web site

9   featuring entertainment, graphics, pictures, photos and audio-visual works.   LANE

10   ENTERTAINMENT is the owner of United States Trademark Registration Number 2,565,432

11   for the mark "Devinn Lane," which was registered on April 20, 2002.

12        5.    Plaintiffs are informed and believe, and thereon allege, that Defendant VIVID

13   ENTERTAINMENT GROUP, LLC (hereinafter referred to as "VIVID") is a limited liability

14   company organized and existing under the laws of the State of California, with its principal

15   place of business at 3599 Cahuenga Boulevard West, Los Angeles, California, 90068.

16   VIVID was and is in the business of producing, manufacturing, distributing and selling adult-

17   oriented motion pictures.  VIVID operates and/or provides the content for an adult-content

18   web site located at www.vivid.com.  VIVID is directly and indirectly responsible for the

19   wrongful conduct alleged herein, and on information and belief, has conspired with the other

20   defendants to engage in such wrongful conduct.

21        6.    Plaintiffs are informed and believe, and thereon allege, that Defendant DIGITAL

22   PLAYGROUND, INC. (hereinafter referred to as "DIGITAL PLAYGROUND") is a California

23   corporation organized and existing under the laws of the State of California, with its principal

24   place at 16134 Hart Street, Van Nuys, California, 91406.  DIGITAL PLAYGROUND was and

25   is in the business of producing, manufacturing, distributing and selling adult-oriented motion

26   pictures. DIGITAL PLAYGROUND operates and/or provides the content for an adult-content

27   website located at www.digitalplayground.com.  DIGITAL PLAYGROUND is directly and

28   / / /

**COMPLAINT FOR INJUNCTION AND DAMAGES**

1  indirectly responsible for the wrongful conduct alleged herein, and on information and belief,

2  has conspired with the other defendants to engage in such wrongful conduct.

3       7.      Plaintiffs are informed and believe, and thereon allege, that Defendant

4  DOMAINS BY PROXY, INC. (hereinafter "DOMAINS BY PROXY") is a corporation organized

5  and existing under the laws of Arizona, having its principal place of business at 15111 North

6  Hayden Road, Suite 160, Scottsdale, Arizona 85260. DOMAINS BY PROXY was and in the

7  business of providing anonymous domain name registration for web sites on the Internet.

8       8.      Plaintiffs are informed and believe, and thereon allege, that DOMAINS BY

9  PROXY has numerous and regular contacts in California, advertises its products and

10  services in California through its Internet web site, has sold and licensed its products and

11  services in California, has entered into business contracts in California availing itself of

12  California law, and has entered into contracts with numerous residents of California.  This

13  action arises, in part, from DOMAIN BY PROXY's contacts with California.  DOMAINS BY

14  PROXY is directly and indirectly responsible for the wrongful conduct alleged herein, and on

15  information and belief, has conspired with the other defendants to engage in such wrongful

16  conduct.

17       9.      Plaintiffs are informed and believe, and thereon allege, that Defendant

18  DOTSTER, INC., doing business as RevenueDirect (hereinafter referred to as "DOTSTER'),

19  is a corporation organized and existing under the laws of Delaware, with its principal place

20  of business at 8100 NE Parkway Drive, Suite 300, Vancouver, Washington, 98662.

21  DOTSTER is a domain name monetization service provider, commonly referred to as an

22  affiliate program.  DOTSTER was and is in the business of helping owners of web site

23  domain names exploit the value of the domain name by using it to generate and redirect

24  traffic on the Internet.

25       10.     Plaintiffs are informed and believe, and thereon allege, that DOTSTER has

26  numerous and regular contacts in California, advertises its products and services in

27  California through its Internet web site, has sold and licensed its products and services in

28  California, has entered into business contracts in California availing itself of California law

4

and has entered in contracts with numerous residents of California.  This action arises, in part, from DOTSTER's contacts with California.  DOTSTER is directly and indirectly responsible for the wrongful conduct alleged herein, and on information and belief, has conspired with the other defendants to engage in such wrongful conduct.

11.    Plaintiffs are informed and believe, and thereon allege, that Defendant MONIKER ONLINE SERVICES, LLC (hereinafter "MONIKER") is a limited liability company organized and existing under the laws of Florida, with its principal place of business at 20 S.W. 27th Avenue, Suite 201, Pompano Beach, Florida, 33069.  MONIKER was and in the business of providing domain name registration for web sites on the Internet.

12.    Plaintiffs are informed and believe, and thereon allege, that MONIKER has numerous and regular contacts in California, advertises its products and services in California through its Internet web site, has sold and licensed its products and services in California, has entered into business contracts in California availing itself of California law, and has agents doing business in California.  This action arises, in part, from MONIKER's contacts with California.  MONIKER is directly and indirectly responsible for the wrongful conduct alleged herein, and on information and belief, has conspired with the other defendants to engage in such wrongful conduct.

13.    Plaintiffs are informed and believe, and thereon allege, that Defendant PIXEL STREAMED NETWORKING, LLC (hereinafter "PIXEL") is a limited liability company organized and existing under the laws of Hawaii, with a principal place of business at 2051 Young Street, Suite 33, Honolulu, Hawaii, 96826.  PIXEL was and is in the business of digital media and Internet management.

14.    Plaintiffs are informed and believe, and thereon allege that PIXEL has numerous and regular contacts in California, advertises its products and services in California through its Internet web site, has sold and licensed its products and services in California, has entered into business contracts in California availing itself of California law, and has agents doing business in California.  This action arises, in part, from PIXEL's

/ / /

5

**COMPLAINT FOR INJUNCTION AND DAMAGES**

1   contacts with California.  PIXEL is directly and indirectly responsible for the wrongful conduct

2   alleged herein, and on information and belief, has conspired with the other defendants to

3   engage in such wrongful conduct.

4         15.      Plaintiffs are informed and believe, and thereon allege that Defendant WHOIS

5   PRIVACY PROTECTION SERVICE, Inc. (hereinafter "PRIVACY PROTECT") is a corporation

6   organized and existing under the laws of Washington, with a principal place of business at

7   PMB 368, 14150 NE 20th Street - F1, Bellevue, Washington, 98007.  PRIVACY PROTECT

8   was and in the business of providing anonymous domain name registration for web sites on

9   the Internet.

10         16.      Plaintiffs are informed and believe, and thereon allege that Defendant

11   PRIVACY PROTECT has numerous and regular contacts in California, advertises its

12   products and services in California through its Internet web site, has sold and licensed its

13   products and services in California, has entered into business contracts in California availing

14   itself of California law, and has agents doing business in California.  This action arises, in

15   part, from PRIVACY PROTECT's contacts with California.  PRIVACY PROTECT is directly

16   and indirectly responsible for the wrongful conduct alleged herein, and on information and

17   belief, has conspired with the other defendants to engage in such wrongful conduct.

18         17.      The true names and capacities, whether individual, corporate, associate or

19   otherwise, of defendants DOES 1 through 10 inclusive, are unknown to Plaintiffs, who

20   therefore sue said defendants by such fictitious names.  Plaintiffs will amend this Complaint

21   to include their proper names and capacities when they have been ascertained.  Plaintiffs

22   are informed and believe, and based thereon allege, that each of the fictitiously named

23   defendants participated in and are in some manner responsible for the acts described in this

24   Complaint and damage resulting therefrom.

25         18.      Plaintiffs allege on information and belief that each of the defendants named

26   herein as DOES 1 through 10 inclusive, performed, participated in, or abetted in some

27   manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and

28   are liable to Plaintiffs for the damages and relief sought herein.

**COMPLAINT FOR INJUNCTION AND DAMAGES**

19.     Plaintiffs allege on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other defendants.

## FACTUAL ALLEGATIONS

20.     As early as 1993, Plaintiffs began using the name "Devinn Lane" in commerce in connection with Plaintiffs' business.  On April 30, 2002, Plaintiffs obtained a registered trademark from the United States Patent and Trademark Office (hereinafter "USPTO") for the name "Devinn Lane," United States Trademark Registration Number 2,565,432 for entertainment services, in International Class 041 (hereinafter referred to as the "Mark").  The Mark is inherently distinctive, as confirmed by the USPTO's registration thereof.  Trilane Entertainment, Inc. was the registered owner of this mark.  Trilane Entertainment, Inc. has since legally changed its name to LANE ENTERTAINMENT, INC.  MCCARVER is a licensee of the Mark.

21.     The trademark registration provided Defendants constructive notice of Plaintiffs' claim of exclusive ownership of the Mark and constitutes prima facie evidence of the validity of the Mark, Plaintiffs' registration thereof and Plaintiffs' exclusive right to use and license said Mark in commerce in connection with MCCARVER's business of providing entertainment services in the form of, *inter alia*, personal appearances by a movie star, television celebrity, model and dancer, and in the form of providing an on-line global computer network web site featuring entertainment, graphics, pictures, photos and audio-visual works, as provided by Sections 7 and 22 of the Lanham Act, 15 U.S.C. §§ 1057 and 1072.

22.     Plaintiffs have been using the Mark continuously and extensively since first adopting the Mark.  Moreover, Plaintiffs have invested significant amounts of time, effort and resources to advertise and promote Plaintiffs' services under the Mark in interstate commerce throughout the United States and worldwide.

/ / /

23.    As a result of Plaintiffs' continuous and extensive use of the Mark in such media as motion pictures, television, print, as well as live modeling and dancing, the public and those involved in the trade have come to identify the Mark with Plaintiffs in the United Statesand internationally.  Thus, the Mark serves to identify the source of Plaintiffs' services and distinguishes Plaintiffs' goods and services from the goods and services of others.

24.    By virtue of Plaintiffs' marketing efforts and expenditures, and as a result of the excellence of Plaintiffs' products, the Mark has achieved a distinctive and valuable reputation and degree of good will.  In addition, the Mark has become famous, as MCCARVER is known in the United States and internationally as "Devinn Lane."  MCCARVER as "Devinn Lane" has:

a.    performed as a feature adult entertainer in more than 70 adult films since 1999;

b.    directed approximately 17 adult films, including 5 volumes of an adult film titled "The Devinn Lane Show;"

c.    written and directed on several adult films, including one for which she was nominated for the AVN Best Gonzo Release award;

d.    produced 2 adult films, including one for which she was nominated for the AVN Award Best All-Girl Feature;

e.    been nominated in for Best New Starlet at the Hot D'Or Awards and has been nominated for several AVN Awards including Best Actress (twice), Female Performer of the Year (twice) and Best Supporting Actress (twice); to date she has won 2 AVN Awards for Best Actress and Best Solo Sex Scene;

f.    entered into an exclusive performance contract for the prestigious adult production company Wicked Pictures; such exclusive contracts are generally entered into with the express purpose of bringing an adult star into superstardom;

g.    hosted and continues to host a show on Playboy TV and has appeared in several softcore films which appear on DVD and on the Cinemax channels;

/ / /

8

**COMPLAINT FOR INJUNCTION AND DAMAGES**

h.    appeared in mainstream publications including  TV Guide, LA Times, LA Weekly, OC Weekly, Stuff, Premiere, Nylon and While You Were Sleeping;

i.    appeared on the cover and in the centerfolds of famous men's magazines including Penthouse;

j.    acted in the mainstream motion picture titled "The Girl Next Door;"

k.    given college lectures on human sexuality including as a featured guest speaker at Yale University;

l.    appeared on the nationally syndicated radio talk-show and television show "The Howard Stern Radio Show" as well as on various other television shows;

m.    starred in several seasons of the celebrated Playboy TV series 7 Lives Xposed;

n.    modeled for the Mercedes Benz lifestyle magazine Benzo; and

o.    worked as a spokesmodel for Third Rail Clothing.

25.    On or about March 15, 2005,  DOMAINS BY PROXY registered the web site domain name www.devinnlanexxx.com.  Plaintiffs are informed and believe, and thereon allege, that www.devinnlanexxx.com is owned, operated and controlled by DOMAINS BY PROXY.

26.    It or about late 2007, MCCARVER discovered that www.devinnlanexxx.com was registered by DOMAINS BY PROXY and further that the web site was redirecting traffic to www.kim1.vivid.com, a web site and domain name owned, operated and controlled by VIVID. Plaintiffs are informed and believe that VIVID willfully conspired with DOMAINS BY PROXY to unlawfully use the Mark in order to  promote, identify and divert customer traffic to www.kim1.vivid.com.

27.    In or about January 2008, www.devinnlanexxx.com stopped redirecting traffic to www.kim1.vivid.com and began displaying a web page containing advertising listings and hypertext links to a number of adult web sites on the Internet (hereinafter "Parking Page 1").  Plaintiffs are informed and believe, and thereon allege, that Parking Page 1 is owned, operated and controlled by DOTSTER.  Plaintiffs are informed and believe, and thereon

**COMPLAINT FOR INJUNCTION AND DAMAGES**

allege, that when a visitor to www.devinnlanexxx.com access one of said links, revenue is generated for DOTSTER and DOMAINS BY PROXY.  Plaintiffs are informed and believe that DOTSTER and DOMAINS BY PROXY willfully conspired with each other to unlawfully use the Mark in order to  promote, identify and divert customer traffic to various other web sites.

28.    In or about February of 2008, www.devinnlanexxx.com stopped displaying Parking Page 1 and began redirecting traffic to www.digitalplayground.com, a web site and domain name owned, operated and controlled by DIGITAL PLAYGROUND.    Plaintiffs are informed and believe that VIVID wilfully conspired with DOMAINS BY PROXY, DIGITAL PLAYGROUND and DOE 1 to unlawfully use the Mark in order to  promote, identify and divert customer traffic to www.digitalplayground.com.

29.    Thereafter www.devinnlanexxx.com stopped redirecting traffic to www.digitalplayground.com and resumed display of Parking Page 1, which continues to be displayed as of the date of the filing of this Complaint.

30.    On or about July 11, 2007, MONIKER registered the web site domain name www.devinnlane.org.    Plaintiffs are informed and believe, and thereon allege, that www.devinnlane.org is owned, operated and controlled by MONIKER.

31.    On or about July 17, 2006, MONIKER registered the web site domain name www.devinn-lane.org.    Plaintiffs are informed and believe, and thereon allege, that www.devinn-lane.org is owned, operated and controlled by MONIKER.

32.    The web sites www.devinn-lane.org and www.devinnlane.org both redirect to a web page featuring adult-entertainment content.  Plaintiffs are informed and believe that MONIKER and DOE 2 have willfully conspired with each other to unlawfully use the Mark in order to  promote, identify and divert customer traffic to the web site and/or sites owned, operated and/or controlled by DOE 2

33.    On or about May 5, 2003, PIXEL registered the web site domain name www.devinn-lane.com.    Plaintiffs are informed and believe, and thereon allege, that www.devinn-lane.com is owned, operated and controlled by PIXEL.  This web site currently displays a web page containing advertising listings and hypertext links to a number of adult

**COMPLAINT FOR INJUNCTION AND DAMAGES**

web sites on the Internet (hereinafter "Parking Page 2"). Plaintiffs are informed and believe, and thereon allege, that Parking Page 2 is owned, operated and controlled by PIXEL. Plaintiffs are informed and believe, and thereon allege, that when a visitor to www.devinnlanexxx.com access one of said links, revenue is generated for PIXEL. Plaintiffs are informed and believe that PIXEL is willfully engaged in unlawful use the Mark in order to promote, identify and divert customer traffic to various other web sites.

34.    On or about April 13, 2007, PRIVACY PROTECT registered the web site domain name www.devinnlanecash.com. Plaintiffs are informed and believe, and thereon allege, that www.devinnlanecash.com is owned, operated and controlled by PRIVACY PROTECT.

35.    Defendants' conduct as alleged herein is likely to cause confusion in the marketplace. Defendants' conduct has caused and will cause actual and potential customers of Plaintiffs to believe that Defendants and their goods and services are somehow affiliated with, sponsored by, endorsed by or related to Plaintiffs.

36.    Defendants' registration and redirection of web sites containing the Mark is a deliberate attempt to trade on Plaintiffs' goodwill and the prestige and reputation of Plaintiffs' and their products and services. Defendants' conduct has caused, and will continue to cause, significant damages, including lost sales and profits, and irreparable harm to Plaintiffs. Moreover, Defendants' conduct has caused and will cause significant harm to Plaintiffs' reputation and goodwill, as well as the reputation and goodwill of Plaintiffs' Mark, which Plaintiffs have established through years of effort and expense.

37.    Plaintiffs are informed and believe, and thereon allege, that Defendants' conduct will continue unless enjoined by this Court.

38.    Collectively, www.devinnlanexxx.com, www.devinn-lane.org, www.devinnlane.org, www.devinn-lane.com and www.devinnlanecash.com are hereinafter referred to as the "Infringing Sites." Third parties are able to reach the Infringing Sites via Internet searches or by simply typing in the domain name in an Internet browser. Because / / /

11

COMPLAINT FOR INJUNCTION AND DAMAGES

1   Plaintiffs' Mark is well known and famous, Defendants' use of the Mark results in substantial
2   Internet traffic.

3       39.    Plaintiffs are informed and believe that Defendants are using the Mark
4   deliberately and intentionally in order to drive consumers to the Infringing Sites and other
5   web sites, and to capture and trade on the goodwill and notoriety of the Mark.  Defendants'
6   use of the Mark constitutes a commercial use in interstate commerce.

7       40.    Defendants have infringed the Mark and/or induced infringement of the Mark,
8   by using the domain names of the Infringing Sites and otherwise using the Mark in
9   connection with their operation of other infringing web sites.  Plaintiffs are informed and
10  believe that Defendants are selling advertising on the Infringing Sites, including hyperlinks
11  to other Internet merchants, and primarily those of an adult nature.   By these acts,
12  Defendants are profiting from the diversion of traffic and harming the value of the Mark.

13      41.    The Mark was distinctive and famous before and at the time Defendants
14  registered the domain names of the Infringing Sites and infringed on Plaintiffs' Mark.

15                          **FIRST CAUSE OF ACTION**

16      **(Trademark Infringement Under 15 U.S.C. § 1114 - Against All Defendants)**

17      42.    Plaintiffs reallege each and every allegation set forth in paragraphs 1 through
18  41, inclusive, and incorporate them herein by this reference.

19      43.    On July 6, 2001, Plaintiffs filed an application to register the mark "Devinn
20  Lane" on the Principal Register of the United States Patent and Trademark Office.

21      44.    On April 30, 2002, U.S. Registration No. 2,565,432 (attached hereto as Exhibit
22  "A") was duly and legally issued to Plaintiffs for "Devinn Lane" for personal appearances by
23  a movie star, television celebrity, model and dancer, and in the form of providing an on-line
24  global computer network web site featuring entertainment, graphics, pictures, photos and
25  audio-visual works.   The Mark identifies a living individual, namely MCCARVER, and
26  MCCARVER uses to Mark to identify herself in providing each and every service indicated
27  herein.  The Mark has become uniquely associated with, and hence identifies, Plaintiffs as
28  / / /

**COMPLAINT FOR INJUNCTION AND DAMAGES**

the source of high quality entertainment services and related products.  The Mark is arbitrary and fanciful.

45.     Plaintiffs own the trademark to "Devinn Lane" which appears in the top-level domain name of the Infringing Sites as well as being prominently displayed on the Infringing Sites.  In using the Mark in this manner, Defendants are making commercial use of the Mark in interstate commerce, and as such are intentionally and willfully infringing Plaintiffs' Mark under an identical mark without consent or authority from Plaintiffs.

46.     Defendants' actions and use of the Mark are intended to and are likely to cause confusion, to cause mistake, and to deceive consumers and the general public into believing, initially and otherwise, that the services and products Defendants are selling are actually produced, endorsed by and/or in association with Plaintiffs.

47.     Defendants' use of Plaintiffs' registered trademark in connection with the Infringing Sites trades off the quality, reputation and goodwill established by Plaintiffs and violates the Lanham Act, 15 U.S.C. §1114.

48.     As a result of Defendants' infringing actions alleged herein, Plaintiffs have incurred and will continue to incur significant damages in an amount to be proven at trial consisting of, *inter alia*, lost sales and profits, actual diversion of trade and diminution in the value of the reputation and goodwill associated with the Mark, and irreparable harm to Plaintiffs.  Such damages should be assessed at up to three times the amount determined at trial, pursuant to 15 U.S.C. § 1117(a).  Plaintiffs are also entitled to Defendants' profits pursuant to 15 U.S.C. § 1117(a).

49.     Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without an adequate remedy at law.  Plaintiffs are entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of trademark infringement and requiring that Defendants remove the infringing mark from the Infringing Sites and to cease all uses of the Mark or any confusingly similar variation thereof.

13

50.     Such conduct by Defendants has been deliberate, willful, fraudulent and constitutes a knowing violation of Plaintiffs' trademark rights, thus rendering this an "exceptional case" entitling Plaintiffs to attorney's fees under 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION

### (Federal Trademark Dilution Under 15 U.S.C. §1125(c) - Against All Defendants)

51.     Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 50, inclusive, and incorporate them herein by this reference.

52.     Plaintiffs' Mark is distinctive and famous in the minds of the relevant public within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. §1125(c), and has been famous since before Defendants' began using the Mark.

53.     Defendants are making commercial use of the famous Mark in interstate commerce and are marketing to the same consumers as Plaintiffs.

54.     Defendants' activities as alleged herein constitute dilution of the distinctive quality of Plaintiffs' Mark and tarnishment of the reputation of the Mark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. §1125(c).

55.     Plaintiffs are informed and believe, and thereon allege, that Defendants intend to willfully trade on the reputation of Plaintiffs and Plaintiffs Mark, and cause dilution of the Mark by implying an association between Plaintiffs and Defendants when none exists.

56.     As a result of Defendants' actions, Plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial.  Such damages should be assessed at up to three times the amount determined at trial, pursuant to 15 U.S.C. §§ 1125(c)(5) and 1117(a).  Plaintiffs are also entitled to any damages sustained by Plaintiffs and Defendants' profits pursuant to 15 U.S.C. § 1117(a).

57.     Defendants' actions have caused Plaintiffs harm for which they have no adequate remedy at law which will be irreparable if Defendants are not enjoined from continuing the conduct alleged herein.  Accordingly, Defendants should be enjoined from using the Infringing Sites or any confusingly similar variation thereof.  Plaintiffs are entitled to injunctive relief pursuant to 15 U.S.C. § 1117(a) as set forth in 15 U.S.C. § 1125(c).

58.     Plaintiffs are informed and believe that such conduct by Defendants is deliberate, willful, fraudulent and constitutes a knowing violation of Plaintiffs' trademark rights, thus rendering this an "exceptional case" entitling Plaintiffs to attorney's fees under 15 U.S.C. § 1117(a).

59.     Because Defendants willfully intended to trade on Plaintiffs' reputation and goodwill or to cause dilution of Plaintiffs' famous trademark, Plaintiff is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. §1117(a).

## THIRD CAUSE OF ACTION

### (FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION - Against All Defendants)

60.     Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 59, inclusive, and incorporate them herein by this reference.

61.     Defendants use of Plaintiffs' Mark in interstate commerce as alleged herein gives the false and misleading impression that Plaintiffs authorized said usage.  Defendants are making commercial use of the famous Mark in interstate commerce and are marketing to the same consumers as Plaintiffs under a false designation of origin.

62.     Defendants' use of Plaintiffs' Mark is likely to cause likely to cause confusion, mistake and/or deception as to (a) the affiliation, connection and/or association of Defendants with Plaintiffs, and (b) as to the origin, sponsorship, endorsement and/or approval of Defendants' goods, services and/or commercial activities by Plaintiffs.

63.     Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct and Plaintiffs are without an adequate remedy at law.  Plaintiffs are entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of trademark infringement and requiring that Defendants remove the infringing mark from the Infringing Sites and to cease all uses of the Mark or any confusingly similar variation thereof.

/ / /

64.     As a result of Defendants' actions, Plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial.  Such damages should be assessed at up to three times the amount determined at trial, pursuant to 15 U.S.C. § 1117(a). Plaintiffs are also entitled to Defendants' profits made as a result of their improper and illegal activities pursuant to 15 U.S.C. § 1117(a).

65.     Plaintiffs are informed and believe that such conduct by Defendants is deliberate, willful, fraudulent and constitutes a knowing violation of Plaintiffs' trademark rights, thus rendering this an "exceptional case" entitling Plaintiffs to attorney's fees under 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION

### (CONTRIBUTORY TRADEMARK INFRINGEMENT - Against all Defendants)

66.     Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 65, inclusive, and incorporate them herein by this reference.

67.     Plaintiffs are informed and believe that Defendants, and each of them, know of the Infringing Sites, know the Infringing Sites infringe the Mark and that the Infringing Sites result in increased business for Defendants due to, *inter alia*, increased Internet traffic generated from the Infringing Sites.

68.     Plaintiffs are informed and believe that Defendants entered into formal written contracts with the Infringing Sites, establishing them as a formal affiliate.  These contracts grant Defendants the right to directly control and/or monitor content on the Infringing Sites, including the right to monitor and/or control any trademark violations.

69.     By providing the Infringing Sites with money and/or advertising links and/or connections to an extensive network of advertisers on the Internet, Defendants substantially support, encourage and contribute to the infringement of Plaintiffs' Mark.

70.     Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them, knowingly induced acts of direct infringement of the Mark by explicitly and/or implicitly suggesting such infringing acts as alleged herein.  Further, Defendants, and each of them, have continued and are continuing to profit from Internet traffic on the Infringing

16

Sites and knows or has reason to know that the Infringing Sites, and the profits generated therefrom, result from the infringement of Plaintiffs' Mark.

71.     Therefore, in addition to directly infringing Plaintiffs' trademark, Defendants are liable for contributory infringement of Plaintiffs' trademark under 15 U.S.C. §§1114 and 1125.

72.     Defendants' actions and use of the Mark are intended to and are likely to cause confusion, to cause mistake, and to deceive consumers and the general public into believing, initially and otherwise, that the services and products Defendants are selling are actually produced or endorsed by, or in association with, Plaintiffs.

73.     Defendants' use of Plaintiffs' registered trademark in connection with the Infringing Sites trades off the quality, reputation or goodwill established by Plaintiffs and violates the Lanham Act, 15 U.S.C. §1114.

74.     As a result of Defendants' infringing actions as herein alleged, Plaintiffs have incurred and will continue to incur significant damages in an amount to be proven at trial, consisting of, among other things, lost sales and profits, actual diversion of trade and diminution in the value of the reputation goodwill associated with the Mark, and irreparable harm to Plaintiffs.  Such damages should be assessed at up to three times the amount determined at trial, pursuant to 15 U.S.C. § 1117(a).  Plaintiffs are also entitled to Defendants' profits pursuant to 15 U.S.C. § 1117(a).

75.     Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without an adequate remedy at law.  Plaintiffs are entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of trademark infringement and requiring that Defendants remove the infringing mark from the Infringing Sites and to cease all uses of the Mark or any confusingly similar variation thereof.

76.     Such conduct by Defendants has been deliberate, willful, fraudulent and constitutes a knowing violation of Plaintiffs' trademark rights, thus rendering this an "exceptional case" entitling Plaintiffs to attorney's fees under 15 U.S.C. § 1117(a).

**COMPLAINT FOR INJUNCTION AND DAMAGES**

**FIFTH CAUSE OF ACTION**

**(CYBERSQUATTING IN VIOLATION OF 15 U.S.C. § 1125(d) - Against All Defendants)**

77.     Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 76, inclusive, and incorporate them herein by this reference.

78.     Defendants, and each of them, have registered, trafficked in and/or used the domain names of the Infringing Sites as alleged herein

79.     The domain names of the Infringing Sites are identical to and confusingly similar to the Mark.  In addition, the domain names of the Infringing Sites are dilutive of the Mark which is famous.

80.     The Mark was distinctive and famous at the time Defendants registered the domain names of the Infringing Sites.

81.     The domain names of the Infringing Sites, *inter alia*, consists of the name "Devinn Lane" which is commonly used to identify MCCARVER.  By using said domain names, Defendants intended to divert customers from Plaintiffs' own online location for commercial gain and/or with the intent to tarnish or disparage the Mark by creating a likelihood of confusion as to the source, sponsorship, affiliation and/or endorsement of the Infringing Sites.  Defendants know said domain names are identical to and confusingly similar to the Mark and have used the Infringing Sites without regard to the goods or services of Plaintiffs.

82.     By means of the aforesaid actions, Defendants have harmed and will continue to harm the goodwill Plaintiffs have built for the Mark.

83.     Defendants, and each of them, have committed the aforesaid acts with a bad faith to intent to profit from Plaintiffs' Mark.

84.     As a result of Defendants' infringing actions as herein alleged, Plaintiffs have incurred and will continue to incur significant damages in an amount to be proven at trial, consisting of, among other things, lost sales and profits, actual diversion of trade and diminution in the value of the reputation goodwill associated with the Mark, and irreparable harm to Plaintiffs.  Such damages should be assessed at up to three times the amount

18

**COMPLAINT FOR INJUNCTION AND DAMAGES**

determined at trial, pursuant to 15 U.S.C. § 1117(a).  Plaintiffs are also entitled to Defendants' profits pursuant to 15 U.S.C. § 1117(a).

85.    Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without an adequate remedy at law.  Plaintiffs are entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of trademark infringement and requiring that Defendants remove the infringing mark from the Infringing Sites and to cease all uses of the Mark or any confusingly similar variation thereof.

86.    Such conduct by Defendants has been deliberate, willful, fraudulent and constitutes a knowing violation of Plaintiffs' trademark rights, thus rendering this an "exceptional case" entitling Plaintiffs to attorney's fees under 15 U.S.C. § 1117(a).

87.    In addition, Plaintiffs may elect, at any time before final judgement is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000.00 and not more than $100,000.00 per domain name, as the court considers just pursuant to 15 U.S.C. § 1117(d).

## SIXTH CAUSE OF ACTION

### (CYBERSQUATTING IN VIOLATION OF 15 U.S.C § 1129 - Against All Defendants)

88.    Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 87, inclusive, and incorporate them herein by this reference.

89.    Without Plaintiffs' consent, Defendants have registered the domain names of the Infringing Sites, which consist of and/or are confusingly similar to the name "Devinn Lane" which MCCARVER uses to identify herself as a living person.

90.    Plaintiffs are informed and believe, and thereon alleged, that Defendants have committed the aforesaid acts with the specific intent to profit from MCCARVER's name by selling the domain name for financial gain to a third party.

91.    Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without an adequate remedy at law.  Plaintiffs are entitled to an

19

injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of trademark infringement and requiring that Defendants remove the infringing mark from the Infringing Sites and to cease all uses of the Mark or any confusingly similar variation thereof.  Further, Plaintiffs are entitled to and seek injunctive relief transferring the domain names of the Infringing Sites to Plaintiffs pursuant to 15 U.S.C. § 1129(2).

92.    In addition, Plaintiffs seek costs and attorney's fees pursuant to 15 U.S.C. § 1129(2).

## SEVENTH CAUSE OF ACTION

## (CYBERSQUATTING IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17525 - Against All Defendants)

93.    Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 92, inclusive, and incorporate them herein by this reference.

94.    Defendants, and each of them, have registered, trafficked in and/or used the domain names of the Infringing Sites as alleged herein.

95.    The domain names of the Infringing Sites consists of and/or are confusingly similar to the name "Devinn Lane" which MCCARVER uses as her personal name.

96.    The domain names of the Infringing Sites, *inter alia*, consists of the name "Devinn Lane" which is commonly used to identify MCCARVER.  By using said domain names, Defendants intended to, and continue to intend to, divert customers from Plaintiffs' own online location for commercial gain and/or with the intent to tarnish or disparage the Mark by creating a likelihood of confusion as to the source, sponsorship, affiliation and/or endorsement of the Infringing Sites.  Defendants know said domain names are identical to or confusingly similar to the Mark and have used the Infringing Sites without regard to the goods or services of Plaintiffs.

97.    By means of the aforesaid actions, Defendants have harmed and will continue to harm the goodwill Plaintiffs have built for the Mark.

/ / /

20

98.     Defendants, and each of them, have committed the aforesaid acts with a bad faith to intent to profit from Plaintiffs' Mark.

99.     As a result of Defendants' infringing actions as herein alleged, Plaintiffs have incurred and will continue to incur significant damages in an amount to be proven at trial, consisting of, among other things, lost sales and profits, actual diversion of trade and diminution in the value of the reputation goodwill associated with the Mark, and irreparable harm to Plaintiffs.

100.    Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without an adequate remedy at law.  Plaintiff are entitled to and seek an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of trademark infringement and requiring that Defendants remove the infringing mark from the Infringing Sites and to cease all uses of the Mark or any confusingly similar variation thereof.  Further, Plaintiffs seek injunctive relief transferring the domain names of the Infringing Sites to Plaintiffs.

**EIGHTH CAUSE OF ACTION**

**(COMMON LAW MISAPPROPRIATION OF LIKENESS - Against All Defendants)**

101.    Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 100, inclusive, and incorporate them herein by this reference.

102.    As alleged herein, Defendants, and each of them, have invaded MCCARVER's right to privacy by using MCCARVER's identity, including without limitation her name, likeness and/or personality, in the top-level domains of and within the Infringing Sites.  In doing so, Defendants, and each of them, have knowingly appropriated MCCARVER's name and/or likeness for Defendants' advantage, commercially and/or otherwise.    Said appropriation was unauthorized and done without Plaintiffs' consent.  Plaintiffs are informed and believe that by use of said appropriation, Defendants have earned increased revenue.

103.    As a proximate result of the above misappropriation, MCCARVER suffered loss of reputation and standing in the community, all of which caused her humiliation,

**COMPLAINT FOR INJUNCTION AND DAMAGES**

embarrassment, hurt feelings, mental anguish and suffering, all to her general damage in an amount according to proof.

104. As a further proximate result of the above-mentioned misappropriation, MCCARVER has suffered injury to her business in the form of lost internet traffic and revenue, all to her special damage in an amount according to proof.

105. Defendants' misappropriation, as alleged above, was oppressive and malicious within the meaning of Civil Code Section 3294 in that it subjected MCCARVER to cruel and unjust hardship in willful and conscious disregard of MCCARVER's rights and safety, thereby entitling MCCARVER to an award of punitive damages.

106. Further irreparable harm to MCCARVER is imminent as a result of Defendants' conduct, and MCCARVER is without an adequate remedy at law. MCCARVER is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of misappropriation.

## NINTH CAUSE OF ACTION

## (COMMERCIAL MISAPPROPRIATION OF LIKENESS UNDER CALIFORNIA CIVIL CODE §3344 - Against All Defendants)

107. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 106, inclusive, and incorporate them herein by this reference.

108. As alleged herein, Defendants, and each of them, have invaded MCCARVER's right to privacy by using MCCARVER's name, likeness and/or photograph(s) in the top-level domains of and within the Infringing Sites. In doing so, Defendants, and each of them, have knowingly appropriated MCCARVER's name and/or likeness for Defendants' advantage in direct connection with advertising and commercial sales. Said appropriation was unauthorized and done without Plaintiffs' consent. Plaintiffs are informed and believe that Defendants have earned increased revenue by said appropriation.

109. As a proximate result of the above misappropriation, MCCARVER suffered loss of reputation and standing in the community, all of which caused her humiliation,

22

1  embarrassment, hurt feelings, mental anguish and suffering, all to her general damage in an
2  amount according to proof.

3      110.   As a further proximate result of the above-mentioned misappropriation,
4  MCCARVER has suffered injury to her business in the form of lost internet traffic and
5  revenue, all to her special damage in an amount according to proof.

6      111.   Defendants' misappropriation, as alleged above, was oppressive and malicious
7  within the meaning of Civil Code Section 3294 in that they subjected MCCARVER to cruel
8  and unjust hardship in willful and conscious disregard of MCCARVER's rights and safety,
9  thereby entitling MCCARVER to an award of punitive damages.

10      112.   Further irreparable harm to MCCARVER is imminent as a result of Defendants'
11  conduct, and MCCARVER is without an adequate remedy at law.  MCCARVER is entitled to
12  an injunction restraining Defendants, their officers, directors, agents, employees,
13  representatives and all persons acting with them from engaging in or in furtherance of such
14  acts of misappropriation.

15  **PRAYER FOR RELIEF**

16      WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as
17  follows:

18      1.   Actual compensatory damages in an amount according to proof at trial;

19      2.   Special compensatory damages in an amount according to proof at trial;

20      3.   That the Court's award of actual damages to Plaintiffs be trebled pursuant to
21          15 U.S.C. § 1117(a);

22      4.   Punitive damages as to the Eighth and Ninth Causes of Action;

23      5.   Disgorgement of all gains, profits and advantages derived by Defendants from
24          their acts of unfair competition, infringement, violations of the Plaintiffs' right
25          to privacy and other violations of law;

26      6.   Costs of suit including reasonable attorneys fees;

27      7.   For prejudgment interest at the maximum legal rate;

28  / / /

**COMPLAINT FOR INJUNCTION AND DAMAGES**

8.      Injunctive relief against Defendants, their officers, agents, servants, representatives employees, attorney, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under them, and each of them, preliminarily and thereafter permanently enjoined and restrained from:

     a.      Using in any manner the Mark, the Infringing Sites or any other term or terms likely to cause confusion with the Mark in a domain name or in connection with other words as a trademark, trade name or otherwise, to market, advertise or identify any of Defendants' web sites, goods, services and products;

     b.      Using the Mark or any other mark or word similar to the Mark in a manner that is likely to cause dilution, confusion, or mistake or to deceive;

     c.      Otherwise infringing the Mark;

     d.      Unfairly competing with Plaintiffs in any manner whatsoever; and

     e.      Causing likelihood of confusion or injury to business reputation of the Mark;

     f.      Ordering Defendants to promptly transfer the domain names of the Infringing Sites to Defendants;

9.      For such other and further relief as the Court deems just and proper.

Dated: October 9, 2008                   LAW OFFICES OF FATTOROSI & CHISVIN

By: _____
Michael W. Fattorosi, Attorney for Plaintiffs, CHERILYN MCCARVER, an individual, and LANE ENTERTAINMENT, INC., a California Corporation

24

**COMPLAINT FOR INJUNCTION AND DAMAGES**

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs hereby demand a jury trial pursuant to F.R.Civ.P. 38(b) and Local Central District

3   Rule 38-1.

4

5   Dated: October _7_, 2008                    LAW OFFICES OF FATTOROSI & CHISVIN

6

7                                               By: _____
                                                    Michael W. Fattorosi, Attorney for Plaintiffs,
8                                                   CHERILYN MCCARVER, an individual, and
                                                    LANE ENTERTAINMENT, INC., a California
9                                                   Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Oct 8 04:14:48 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | DEVINN LANE |
| **Goods and Services** | IC 041. US 100 101 107. G & S: ENTERTAINMENT SERVICES, NAMELY, PERSONAL APPEARANCES BY A MOVIE STAR, TELEVISION CELEBRITY, MODEL, AND DANCER; ENTERTAINMENT SERVICES, NAMELY, PROVIDING AN ON-LINE GLOBAL COMPUTER NETWORK WEBSITE FEATURING ENTERTAINMENT GRAPHICS, PICTURES, PHOTOS, AND AUDIO-VISUAL WORKS. FIRST USE: 19931101. FIRST USE IN COMMERCE: 19931101 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 78072735 |
| **Filing Date** | July 6, 2001 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | February 5, 2002 |
| **Registration Number** | 2565432 |
| **Registration Date** | April 30, 2002 |
| **Owner** | (REGISTRANT) TRILANE PRODUCTIONS, INC. CORPORATION CALIFORNIA 12722 RIVERSIDE DRIVE SUITE 204 NORTH HOLLYWOOD CALIFORNIA 916073393

(LAST LISTED OWNER) LANE ENTERTAINMENT, INC. CORPORATION CALIFORNIA 12722 RIVERSIDE DRIVE SUITE 204 NORTH HOLLYWOOD CALIFORNIA 916073393 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | MICHAEL W. FATTOROSI |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |

**Affidavit Text**   SECT 15. SECT 8 (6-YR).

**Other Data**   The name "DEVINN LANE" identifies a living individual whose consent is of record.

**Live/Dead Indicator**   LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV08- 6739 DDP (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Michael W. Fattorosi, Esq., Calif. State Bar # 193538
Craig L. Chisvin, Esq., Calif. State Bar #191825
LAW OFFICES OF FATTOROSI & CHISVIN
6300 Canoga Ave. #550, Woodland Hills, CA 91367
Tel: 818-881-8500, Fax: 818-881-9008

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERILYN MCCARVER, an individual, and LANE ENTERTAINMENT, INC., a California Corporation<br>PLAINTIFF(S)<br><br>v.<br><br>VIVID ENTERTAINMENT GROUP, LLC, a California Limited Liability Company; DIGITAL PLAYGROUND, INC., a California Corporation; DOMAINS BY PROXY, INC., an Arizona Corporation; DOTSTER, INC., a Delaware Corporation; MONIKER ONLINE SERVICES, LLC, a Florida Limited Liability Company; PIXEL STREAMED NETWORKING, LLC, a Hawaiian Limited Liability Company; WHOIS PRIVACY PROTECTION SERVICE, INC., a Washington Corporation; and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV 08-06739 DDP (FFM)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): ___ VIVID ENTERTAINMENT GROUP, LLC, a California Limited Liability Company; DIGITAL PLAYGROUND, INC., a California Corporation; DOMAINS BY PROXY, INC., an Arizona Corporation; DOTSTER, INC., a Delaware Corporation; MONIKER ONLINE SERVICES, LLC, a Florida Limited Liability Company; WHOIS PRIVACY PROTECTION SERVICE, INC., a Washington Corporation; and DOES 1 through 10, inclusive,

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Michael W. Fattorosi_____, whose address is  6300 Canoga Avenue, Suite 550, Woodland Hills, CA 91367_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   **OCT 1 4 2008**

By: _____  **LA'REE HORN**

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1192

---

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| CHERILYN MCCARVER, an individual, and LANE ENTERTAINMENT, INC., a California Corporation | VIVID ENTERTAINMENT GROUP, LLC, a California Limited Liability Company; DIGITAL PLAYGROUND, INC., a California Corporation; DOMAINS BY PROXY, INC., an Arizona Corporation; DOTSTER, INC., a Delaware Corporation; MONIKER ONLINE SERVICES, LLC, a Florida Limited Liability Company; PIXEL STREAMED NETWORKING, LLC, a Hawaiian Limited Liability Company; WHOIS PRIVACY PROTECTION SERVICE, INC., a Washington Corporation; and DOES 1 through 10, inclusive, |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|
| Monongalia County, West Virginia | Los Angeles, CA |

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| LAW OFFICES OF FATTOROSI & CHISVIN 6300 Canoga Avenue Suite 550, Woodland Hills, CA 91367 Tel: 818-881-8500        *** see attachment *** | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** Preliminary Injunction

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Copyright Infringement (17 U.S.C. 101, et. seq.) and Federal Unfair Competition under the Lanham Act (15 U.S.C. 1125(a) and (c)).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?   ☑ No   ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number:

| CV-71 (07/05) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES: Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

        ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

        ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

        ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

CHERILYN MCCARVER, West Virginia
LANE ENTERTAINMENT, INC., Los Angeles, California

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

| | |
|---|---|
| VIVID ENTERTAINMENT GROUP, LLC, Los Angeles, California | DIGITAL PLAYGROUND, INC., Los Angeles, California |
| DOMAINS BY PROXY, INC., Arizona | DOTSTER, INC., Washington |
| MONIKER ONLINE SERVICES, LLC, Florida | PIXEL STREAMED NETWORKING, LLC, Hawaii; |
| WHO IS PRIVACY PROTECTION SERVICE, INC., Washington | DOES 1 through 10 |

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles County, California

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date   October 9 , 2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

## Addendum to Civil Cover Sheet

McCarver v. Vivid Entertainment Group, LLC

1.(c).  Attorneys of Record:

Michael W. Fattorosi, Esq., Calif. State Bar No. 193538
Craig L. Chisvin, Esq., Calif. State Bar No. 191825